UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

NYTDA, INC. a/k/a
NEW YORK TRUCKING
& DELIVERY ASSOCIATION,
individually and on behalf of all others
similarly situated,

                            Plaintiff,

            -against-

THE CITY OF NEW YORK, ACTING THROUGH THE
TRAFFIC CONTROL DIVISION OF THE NEW YORK
CITY POLICE DEPARTMENT AND THE NEW YORK
CITY DEPARTMENT OF FINANCE; STEPHEN
GOLDSMITH; DAVID M. FRANKEL; JAMES TULLER;
HARRY J. WEDIN; AND JOHN AND JANE DOES 1-10,
ALL IN THEIR OFFICIAL CAPACITIES,

                            Defendants.

------------------------------------------------------------------------ x

**CIVIL ACTION NO.
2011-1836**

Judge Garaufis

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MEYERS AFFIDAVIT

                      MICHAEL A. CARDOZO,
                      Corporation Counsel of the
                        City of New York
                      Attorneys for Defendants
                      100 Church Street, Room 5-157
                      New York, New York 10007
                      (212) 788-0822

GABRIEL TAUSSIG,
VIRGINIA WATERS,
        Of Counsel.

The City has moved for Judgment on the Pleadings on the grounds that Plaintiff lacks standing and has waived its right to contest traffic summonses in issue in this lawsuit. In support of that motion the City submitted the affidavit of Sara Meyers of October 9, 2012. This Memorandum of Law is submitted in opposition to Plaintiff's Motion to Strike the Meyers Affidavit in Support of the City's Motion for Judgment on the Pleadings.

It is Plaintiff's position that the Meyers Affidavit, which attached as an exhibit a copy of a power of attorney form used by Plaintiff, is improper because it was submitted by Defendants in support of a Motion for Judgment on the Pleadings, and not a Motion for Summary Judgment. But this Affidavit was submitted solely to rebut a key legal position proffered by Plaintiff in its Complaint and thus is properly offered in support of Motion for Judgment on the Pleadings.

It is Plaintiff's position that it has standing because it "literally stands in the shoes of its members by contracts and under powers of attorney." (Complaint para 24)(emphasis added) Exhibit A to Affirmation of Virginia Waters of October 15, 2012). The Complaint mentions the powers of attorney form five times. (Complaint paras 15, 24, 82, 83, 86). "The NYTDA, on behalf of its members under powers of attorney granted by those clients, is a participant in the Stipulated Fine Program." (hereinafter Program) (Complaint para 82).

In response to the City's claim that NYTDA does not have standing, in its September 21, 2012 Memorandum of Law (hereinafter Plaintiff's Memo of Law), Plaintiff relies on the powers of attorney as the basis for its standing. See Plaintiff's Memo of Law pages 3, 8, 17:

> Every single one of NYTDA's members participates in the Program, and every single one of NYTDA's members has granted powers of attorney to NYTDA. Thus NYTDA is itself a member of the Program and possess the power to act on behalf of every single one of its members with respect to the processing, administration, and payment of parking tickets. . Thus NYTDA has standing to seek rescission.

Plaintiffs' Memo of Law pages 17-18 (emphasis added). Thus, Plaintiff apparently recognizes that without these powers of attorney it would not have standing to prosecute this action.

Significantly, Plaintiff attached a sample copy of the application to the Stipulated Fine Program to the Complaint (See Exhibit 1 to Complaint) but did not attach a copy of a sample power of attorney form, which it submitted with this application.

In order to rebut the claim raised by Plaintiff that it has standing, Defendants submitted the Meyers Affidavit, the sole purpose of which was to attach a sample power of attorney form which Plaintiff submits to the Department of Finance as part of its members' applications to participate in the Program. It is necessary that the Court have before it that part of the application which Plaintiff maintains assigns claims of the Program participant's to NYTDA. As an examination of the document reveals, no such assignment exists. The Defendants' Reply Memorandum of Law of October 9, 2012 at pages 2-4, discusses New York law which clearly establishes that the mere issuance of a power of attorney, without an assignment of claim, does not make the recipient of the power a party in interest to a claim, and that therefore the powers of attorney relied upon by Plaintiff does not give NYTDA standing in this matter.

Notwithstanding Plaintiff's protestation, the Court may take into account the power of attorney form used by NYTDA's members.. Courts "may consider documents … incorporated into the complaint by reference, documents that are integral to the plaintiff's claims, even if not explicitly incorporated by reference." Gildan Activewear, Inc., Sec. Litig., 636 F. Supp. 2d 261, 268 (S.D.N.Y. 2009); Roth v. Jennings 489 F3d 499 (2d Cir 2007); Cortec Industries Inc v. Sum Holding LP, 949 F2d 42 (2d Cir 1991).

In deciding a motion to dismiss a court may consider "documents incorporated in it by reference …or of which plaintiffs had knowledge and relied on in bringing suit." Brass v.

American Film Technologies Inc., 987 F2d 142, 150 (2d Cir 1993). The Chambers court read this to mean that a necessary prerequisite to the Court's consideration of the document was the plaintiff's reliance on it in drafting the complaint. That is the situation here where plaintiff consistently relied on the power of attorney form submitted on behalf of its members in drafting its complaint. See Complaint paras 15, 24, 82, 83, 86. Under the circumstances, the power of attorney form attached to the Meyers Declaration should be considered to be incorporated into the Complaint by reference. and as a matter integral to Plaintiff's claims

"Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect' thereby rendering the document 'integral' to the complaint." Di Folco v. MSNBC Cable LLC 622 F3d 104, 111 (2d Cir 20120) citing Mangiafico v. Blumenthal 463 F3d 391, 398 (2d Cir 2006) (by referring to emails in the complaint, the court deemed them incorporated into it). "The Complaint is deemed to include any ... documents incorporated in it by reference... Even where a document is not incorporated by reference, the Court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect' which it renders the document' integral to the complaint." Chambers v. Time Warner Inc., 282 F2d3d 147, 152 (2d Cir 2002) citing Int'l Audiotext Network Inc v. Am. Tel & Tel Co., 62 F3d 69 (2d Cir 1995). Chambers, footnote 3 notes that "this standard is congruent with that of our sister Circuits" citing cases from the First, Third, Fifth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits.

"In deciding a motion to dismiss, a court may consider .. documents incorporated in [the Complaint} by reference as well as well as ... documents that the plaintiffs.. relied on in bringing the suit. .. A plaintiff cannot 'evade a properly argued motion to dismiss simply because [the] plaintiff has chosen not to attach [a document on which he relies in bringing suit] to the

- 3 -

complaint or to incorporate it by reference." Karmlilowicz v. The Hartford Financial Services Group, 2012 U. S. App LEXIS (2d Cir Aug 30 2012) *citing* I. Meyer Pincus & Assoc. P.C. v. Oppenheimer & Co. , 936 F2d 759, 762 (2dCir 1991);.Kamholtz v. Yates  2009 US App LEXIS 23788 (2d Cir 2009) (court could consider affidavits because they were integral to Complaint)

It is of no moment that Plaintiff chose not to attach the power of attorney form to the complaint. "When a plaintiff chooses not to attach to the complaint... a [document] upon which it solely relies and is integral to the complaint,' the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." Int. Audio supra at 72. citing Cortec  at 47-48.

In Cortec Industries Inc. v. Sum Holding LP, 949 F2d 42,47 (2d Cir 2001) cert denied 503 U.S. 960 (1992) the Court considered on a motion to dismiss, a prospectus upon which plaintiff relied in bringing the suit and which was integral to its claims, even though it was  not incorporated by reference into the Complaint.  The Court found that the "plaintiff should not so easily be allowed to escape the consequences of its own failure" to attach the prospectus to the complaint. Similarly, in Yak v. Bank Brussels Lambert, BBL (USA) Holdings Inc. 252 F3d 127 (2d Cir 2001) the Second Circuit said that it could consider a consulting agreement even though it was not mentioned in the Complaint because it was integral to it and plaintiff had notice of it.

In Faulkner v. Beer,  463 F2d (2d Cir 2006) the Second Circuit laid down conditions for the consideration of such materials. .  There must be no dispute as to their authenticity and there must exist no material disputed issue of fact regarding the relevance of the document. Both of those tests are met here.  The power of attorney form attached to the Meyers affidavit is an authentic example of the power of attorney form used by plaintiff and it is clearly relevant to the issue of whether Plaintiff has standing. .

- 4 -

Thus the submission of the Myers Affidavit and power of attorney exhibit does not convert this Motion for Judgment on the Pleadings into a Motion for Summary Judgment. The Myers Affidavit and power of attorney exhibit should not be stricken since the power of attorney form is appropriately incorporated by reference into the complaint, is integral to it, and was heavily relied upon by plaintiff in drafting the complaint. Therefore Plaintiff's Motion to Strike the Meyers Affidavit and exhibit should be denied.

## CONCLUSION

Based upon all of the above Defendants' Motion to Strike the Meyers Affidavit

should be denied.

MICHAEL A. CARDOZO,
Corporation Counsel of the
     City of New York
Attorneys for Defendants
100 Church Street, Room 5-157
New York, New York 10007
(212) 788-0822

By: _____

VIRGINIA WATERS
(VW9723)

GABRIEL TAUSSIG,
VIRGINIA WATERS,
     of Counsel.

November 15, 2012

- 6 -