FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 23 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

NYTDA, INC. a/k/a NEW YORK TRUCKING
& DELIVERY ASSOCIATION, individually
and on behalf of all others similarly situated,

                Plaintiffs,

      -against-

THE CITY OF NEW YORK, ACTING THROUGH
THE TRAFFIC CONTROL DIVISION OF THE
NEW YORK CITY POLICE DEPARTMENT AND
THE NEW YORK CITY DEPARTMENT OF
FINANCE; STEPHEN GOLDSMITH; DAVID M.
FRANKEL; JAMES TULLER; HARRY J. WEDIN;
and JOHN AND JANE DOES 1-10, ALL IN THEIR
OFFICIAL CAPACITIES,

                Defendants.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-1836 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff New York Trucking & Delivery Association ("NYTDA") brought this class action against Defendants City of New York, acting through the Traffic Control Division of the New York City Police Department and the New York Department of Finance; Stephen Goldsmith; David M. Frankel; James Tuller; Harry J. Wedin; and John and Jane Does 1-10, all in their official capacities (collectively, "the City"), under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution. (See Compl. (Dkt. 1).) Plaintiff also alleges violations of the New York State Constitution and state law and seeks declaratory relief and damages. (See id.) Before the court is Plaintiff's motion for a preliminary injunction and other equitable relief. (Pl. Mot. for Prelim. Inj. (Dkt. 47).) Plaintiff's motion is DENIED.

1

## I. BACKGROUND

Plaintiff maintains that the City's implementation and operation of its Stipulated Fine Program (the "Program") deprived Plaintiff and other putative class members of their right to be free from unreasonable searches and seizures and right to property and due process in violation of the United States Constitution, the New York State Constitution, and New York contract law. (Compl. ¶¶ 160-74.) Plaintiff seeks to recoup $5 million of losses and seeks an estimated $50 million of damages for all class members, as well as rescission and return of all fines collected under the illegal parking scheme. (Id. ¶¶ 151, 160-74.) Plaintiff also seeks and declaratory and permanent injunctive relief. (See id.)

After appearing, the City filed a motion styled as a motion to dismiss the Complaint for failure to state a claim. (See City's First Mot. to Dismiss (Dkt. 15).) The court denied the City's motion because the City "primarily dispute[d] the truth of the plaintiff's allegations rather than the sufficiency of the complaint," as evidenced by the affidavits it attached to its motion. (Nov. 19, 2011, Order (Dkt. 27).) The City answered (Answer (Dkt. 38)) and the parties proceeded with discovery. Plaintiff then filed a motion for a preliminary injunction asking that the court "issue an Order prohibiting the City from engaging in any further retaliatory actions or conduct against NYTDA or any of its members or other class members." (See Pl. Mem. in Supp. of Mot. for Prelim. Inj. (Dkt. 48) at 21.) Attached to its motion, Plaintiff included the declaration of Ken Thorpe, the Chairman and Chief Executive Officer of NYTDA. (See Decl. of Ken Thorpe in Supp. of Pl. Mot. for Prelim. Inj. (Dkt. 49) ("Thorp Decl.").) The City opposed this motion, (see City Opp'n to Mot. for Prelim. Inj. (Dkt. 51)), and it is now before the court.

## II. MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff has moved for a preliminary injunction: (1) enjoining Defendants from retaliating against NYTDA or any other proposed class member for bringing this lawsuit; and

(2) enjoining the City from enforcing its newly adopted enrollment policy for admission into the Program. (See Pl. Mot. for Prelim. Inj.) According to Plaintiff, since it brought the lawsuit, the City has retaliated against Plaintiff and its members by sending threatening "dunning" letters to members demanding payment for outstanding parking violations and has changed various policies within the Program, causing its members to suffer various financial consequences and, in some instances, essentially to be denied enrollment in the Program. (See Thorp Decl. ¶¶ 15-20.) Plaintiff argues that it is entitled to this relief under the All Writs Act and Federal Rules of Civil Procedure 23(d) (governing class actions), 26(c) (governing protective orders in discovery), and 65 (providing for entry of injunctive relief). (See Pl. Mem. in Supp. of Mot. for Prelim. Inj.)

The City opposes this motion primarily by disputing the factual allegations underlying Plaintiff's motion, but also arguing that Plaintiff fails to show entitlement to a preliminary injunction. (See City Opp'n to Mot. for Prelim. Inj.) For the reasons explained below, the court concludes that Plaintiff has not demonstrated entitlement to the preliminary injunction.

### A. Standard

"To obtain a preliminary injunction, the moving party must demonstrate '(1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and (3) that the public's interest weighs in favor of granting an injunction.'" Red Earth LLC v. United States, 657 F.3d 138, 143 (2d Cir. 2011) (citation omitted); see also Singas Famous Pizza Brands Corp. v. N.Y. Adver. LLC, 468 F. App'x 43, 43 (2d Cir. Mar. 19, 2012). This court has "wide discretion in determining whether to grant a preliminary injunction," which is "one of the most drastic tools in the arsenal of judicial remedies." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007)

(citations omitted). "When, as here, the preliminary injunction will affect government action taken in the public interest pursuant to a statutory or regulatory scheme, it should be granted only if the moving party meets the more rigorous likelihood-of-success standard." Red Earth, 657 F.3d 138 (citation omitted).

Article III of the United States Constitution limits the power of the federal judiciary to decide "cases and controversies," which means that a party invoking federal jurisdiction must demonstrate standing to bring the case. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Plaintiff's standing to bring a case is a threshold issue to the issuance of injunctive relief. See Cacchillo v. Insmed, Inc., 638 F.3d 401, 404 (2d Cir. 2011) ("[I]n order to seek injunctive relief, a plaintiff must show the three familiar elements of standing . . . ."); Denney v. Deutsche Bank AG, 443 F.3d 253, 263 (2d Cir. 2006) ("[Standing] is the threshold question in every federal case, determining the power of the court to entertain the suit.").

**B.    Analysis**

*1.    Plaintiff's Standing to Bring this Case*

In opposition to Plaintiff's motion for a preliminary injunction, the City argues that Plaintiff lacks standing to bring this lawsuit. (City Opp'n to Mot. for Prelim. Inj. at 16.) However, "nothing prevents an organization from bringing a § 1983 suit on its own behalf so long as it can independently satisfy the requirements of Article III standing as enumerated in Lujan." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011). "[O]nly a 'perceptible impairment' of an organization's activities is necessary for there to be 'injury in fact.'" Id. (citation omitted). Here, Plaintiff's Complaint alleges that it is paid by its members partly by percentage fees on money which it saves its members on parking tickets, and that by collecting improper fines the City caused it to suffer lower profits. (See Compl. ¶¶ 1-18.) These allegations are also sufficient

4

to show that Plaintiff's injuries were suffered as a direct result of the City's actions, and that they could be redressed by a favorable decision from the court. See Lujan, 504 U.S. at 561 (explaining the elements of standing and that at the pleading stage, general factual allegations suffice to show standing). Accordingly, at this stage in the proceedings, the court is satisfied that Plaintiff has standing to seek redress for its own injuries.[1]

## 2. *Plaintiff's Likelihood of Success on the Merits*

Plaintiff argues that the court should look to whether there are serious questions as to the merits of the case, rather than a likelihood of success on the merits, because there are public interests on both sides of the case. (Pl. Mem. in Supp. of Mot. for Prelim. Inj. at 19-20.)

It is true that in some cases against the government, where "no party has exclusive claim on the public interest," courts have required only the lower showing. Time Warner Cable, 118 F.3d at 923 (citing cases). Where the injunction would stay "'governmental action taken in the public interest pursuant to a statutory scheme or might 'adversely affect the public interest in a manner which cannot be compensated for by an injunction bond,'" however, the Second Circuit has required a strong showing of entitlement under the first prong. Id. (citations omitted). Plaintiff's application for a preliminary injunction plainly seeks to stay governmental action taken pursuant to a regulatory scheme for parking enforcement. The "retaliatory acts" Plaintiff claims are changes in operation of the Program or actions taken as part of the Program's enforcement. (See Pl. Mot for Prelim. Inj. at 7-9.) Accordingly, the higher standard applies. See Red Earth, 657 F.3d a143; Grand River, 481 F.3d at 66.

Plaintiff's only argument as to how it has shown a likelihood of success on the merits is that "[t]he statistical evidence of Defendant's liability is overwhelming and, quite candidly,

---

[1] At this time, the court expresses no opinion as to whether Plaintiff has standing to raise particular claims on behalf of its members, or has class standing. The court will address these issues in its Order on the City's pending Motion for Judgment under Federal Rule of Procedure 12(c).

5

virtually impossible to discredit or overcome." (Pl. Mem. in Supp. of Mot. for Prelim. Inj. at 21.) Plaintiff argues that the statistics show "compelling proof of intentional misconduct," but does not provide any further explanation or cite any authority as to how this constitutes a violation of its rights under the Fourth or Fourteenth Amendment. What is more, the City has raised the argument that participants in the Program waived their right to contest parking violations, and thus waived the ability to bring this suit. (City Opp'n to to Prelim. Inj. at 16-17.) The merit of this complete defense is yet to be determined, and the parties have submitted lengthy arguments on the subject in their briefing on the City's Motion for Judgment on the Pleadings, which is fully briefed and pending before the court. (See City Mem. in Supp. of Mot. for J. (Dkt. 76-4) at 11-18); Pl. Opp'n to Mot. for J. (Dkt. 76-5) at 9-17.) Thus, the court cannot conclude that Plaintiff has demonstrated a likelihood of success on the merits of this lawsuit.

Plaintiff also argues that the court should issue injunctive relief under Federal Rule of Civil Procedure 23 and 65, which govern class actions and discovery, or under the All Writs Act. (See Pl. Mem. in Supp. of Prelim. Inj. at 9-19.) Based on the parties' submissions, the court concludes that such authority need not be exercised here. It is certainly within the City's purview to make changes to the administration and operation of its regulatory programs, and it is at this point in the case unclear to the court how these changes threaten the ability of the parties to go forward with discovery, or threaten the ability of potential class members to participate in the lawsuit. The court thus declines to grant the extraordinary relief sought by Plaintiff.

## III. CONCLUSION

For the reasons explained above, the Plaintiff's motion for a preliminary injunction and for other equitable relief is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
January 18, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge