UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NYTDA, INC. a/k/a NEW YORK TRUCKING &
DELIVERY ASSOCIATION,

                           Plaintiff,

       -and-

LOCKMAN, INC., individually and on behalf of all
others similarly situated,

                           Plaintiff-Intervenor,

       -against-

THE CITY OF NEW YORK, acting through the
TRAFFIC CONTROL DIVISION OF THE NEW
YORK CITY POLICE DEPARTMENT and THE
NEW YORK CITY DEPARTMENT OF
FINANCE; STEPHEN GOLDSMITH; DAVID
M. FRANKEL; JAMES TULLER; HARRY J.
WEDIN; and JOHN and JANE DOES 1-10, all in
their official capacities,

                           Defendants.
-------------------------------------------------------------------X

**ORDER**

**11-CV-1836 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

At a pre-motion conference held May 7, 2015, the court granted (1) Defendants' request for leave to file a motion to dismiss Plaintiff-Intervenor Lockman, Inc.'s ("Lockman") claims for lack of subject-matter jurisdiction; and (2) Lockman's request for leave to file a motion for class certification. (See May 7, 2015, Min. Entry.) Pursuant to the briefing schedule set by the court, opening motion papers for both anticipated motions are to be served July 10, 2015. (Id.)

Subsequent to the pre-motion conference, the Second Circuit issued a decision that renders Defendants' anticipated motion to dismiss untenable. See Tanasi v. New Alliance Bank, No. 14-1389, --- F.3d ----, 2015 WL 2251472, at *4 (2d Cir. May 21, 2015) (amended opinion)

1

("[W]e find it necessary . . . to clarify and reiterate that it remains the established law of this Circuit that a 'rejected settlement offer under Rule 68, by itself, cannot render moot a case.'" (brackets omitted) (quoting McCauley v. Trans Union, L.L.C., 402 F.3d 340, 342 (2d Cir. 2005))).

Perhaps recognizing this, Defendants filed a letter on June 12, 2015, requesting a stay of this action pending the decision of the United States Supreme Court in a case recently granted certiorari, Gomez v. Campbell-Ewald Co., 768 F.3d 871 (9th Cir. 2014), cert. granted, 2015 WL 246885 (U.S. May 18, 2015). (Defs.' Ltr.-Mot. (Dkt. 118).) Lockman opposes a stay, arguing primarily that (1) Defendants have articulated no hardship or inequity that would result in the absence of a stay; (2) the Supreme Court's determination in Gomez will not bear on the main issues in this litigation (whether the City's Stipulated Fine Program was administered in violation of the U.S. and New York State constitutions); and (3) in any event, Gomez would not dispose of the case, because additional class members would move to intervene should the need arise. (See Lockman's Ltr. in Opp'n (Dkt. 119) at 1-2.) Lockman also suggests that the court should view Defendants' request as the latest in a series of dilatory tactics. (See id. at 1 n.1.)

The court agrees that Defendants have not met their "burden to establish 'a clear case of hardship or inequity in being required to go forward.'" United States v. Town of Oyster Bay, No. 14-CV-2317 (ADS) (SIL), --- F. Supp. 3d ----, 2014 WL 6886122, at *3 (E.D.N.Y. Dec. 5, 2014) (citation omitted). Defendants do not argue that they would suffer prejudice absent a stay. Because counsel for Lockman and NYTDA, Inc. ("NYTDA"), the original Plaintiff in this action, assures the court that another NYTDA member would move to intervene in Lockman's place should its claims ultimately be held moot, it would not be a waste of the parties' or the court's resources to proceed to the merits of this litigation. Moreover, Defendants

already successfully delayed the filing of Lockman's anticipated motion for class certification by approximately eight months from the time Lockman originally sought to file such a motion (see Lockman's Oct. 30, 2014, Ltr. (Dkt. 101); Defs.' Oct. 31, 2014, Ltr. (Dkt. 102); Nov. 3, 2014, Order), and this action has been pending for over four years. A stay would only further delay Lockman's ability to seek relief for the alleged violation of its rights and the rights of the putative class it seeks to represent. Accordingly, "the Court, in its discretion, finds that a stay of the proceedings would not serve the interests of fairness or efficiency and is not warranted." Oyster Bay, 2014 WL 6886122, at *6; see also Trikona Advisors Ltd. v. Kai-Lin Chuang, No. 12-CV-3886 (JW), 2013 WL 1182960, at *3 (E.D.N.Y. Mar. 20, 2013) (listing factors to be considered in determining whether to stay a civil case).

Defendants' motion for a stay is therefore DENIED. This case will move forward. The briefing schedule previously set for Lockman's motion for class certification remains in place. However, due to the clear statement of Second Circuit law set forth in Tanasi, Defendants' anticipated motion to dismiss is no longer tenable. See Tanasi, 2015 WL 2251472, at *1, *4. Accordingly, in light of Tanasi, the court RESCINDS its prior Order granting leave to file the motion to dismiss; leave to file the motion to dismiss is DENIED at this time without prejudice.

Additionally, Defendants' request to file a motion for the court to enter judgment in the amount of Defendants' Rule 68 offer (see Defs.' Ltr.-Mot.) is GRANTED, and the motion shall proceed in accordance with the following briefing schedule: Defendants shall serve their motion by September 17, 2015; Lockman shall serve its opposition by October 15, 2015; and Defendants shall serve their reply, if any, and file the fully briefed motion by October 29, 2015.

SO ORDERED.

Dated: Brooklyn, New York  
June 17, 2015

s/ Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge